NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| CARMEN ROY MALDONADO, JR., | ) | No. C 06-5560 JF (PR) |
|---|---|---|
| Petitioner, | ) | ORDER OF DISMISSAL |
| vs. | ) | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS, | ) | |
| Respondent. | ) | (Docket No. 7) |

Petitioner, proceeding pro se, filed the instant habeas corpus petition pursuant to 28 U.S.C. § 2254. The Court dismissed the petition with leave to amend. (See Docket No. 5.) Petitioner's amended petition is now before the Court. It appears from the amended petition that Petitioner is challenging the California Department of Corrections' policy and method of collecting data in the gang validation of an inmate. Petitioner seeks relief in the form of "damages and compensatory [sic]." (Pet. 5.) Petitioner states clearly in his amended petition that he is "on parole." (Pet. 7.)

Petitioner's claims do not involve the fact or duration of his confinement, and therefore are not the proper subject of a habeas action in federal court. See Moran v.

Sondalle, 218 F.3d 647, 650-52 (7th Cir. 2000 ); Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action is proper method of challenging conditions of confinement); Crawford v. Bell, 599 F.2d 890, 891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges to terms and conditions of confinement must be brought in civil rights complaint).

While a district court may construe a habeas petition by a prisoner attacking the conditions of his confinement as pleading civil rights claims under 42 U.S.C. § 1983, see Wilwording v. Swenson, 404 U.S. 249, 251 (1971), it is not appropriate to do so in this case. To state a claim under § 1983, a plaintiff must allege two essential elements : (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The habeas petition does not include the information necessary to state a civil rights violation, *i.e.*, the constitutional right that was violated and by which individual state actor. Furthermore, it was not accompanied by the correct filing fee for a civil rights case. Accordingly, the Court directs Petitioner to file a civil rights complaint on the attached civil rights complaint form, stating his claims for relief, if he wishes to go forward with this action as a civil rights action.

In the complaint, Petitioner must name as defendants each person who caused a violation of his constitutional rights and explain what each person did to cause the violation. Liability under § 1983 arises only upon a showing of personal participation by the defendant. See Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989). There is no respondeat superior liability under § 1983, *i.e.*, no liability under the theory that a supervisor is responsible for the actions or omissions of his or her subordinate. See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988) (liability may be imposed on individual defendant under § 1983 only if plaintiff can show that defendant proximately caused deprivation of federally protected right).

Because Petitioner originally filed this case as a habeas corpus action, his pending motion for leave to proceed in forma pauperis (Docket No. 7) is GRANTED as to the

$5.00 filing fee. If Petitioner chooses to pursue this case as a § 1983 civil rights action, he must pay the correct filing fee for a civil rights action, which is $350.00. If Petitioner is unable to pay the full filing fee, he must submit another non-prisoner in forma pauperis application with the complaint.

## CONCLUSION

For the foregoing reasons, this case is DISMISSED without prejudice to Petitioner filing a civil rights action.

The Clerk of the Court shall enclose the court's form complaint and a non-prisoner in forma pauperis application with a copy of this order to Petitioner.

This order terminates Docket No. 7.

IT IS SO ORDERED.

DATED: 10/31/08

JEREMY FOGEL
United States District Judge

Order of Dismissal
P:\PRO-SE\SJ.JF\HC.06\Maldonado560_dismissal.wpd

3